# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARLENE VAUGH, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SIRIUS XM RADIO INC.,<br><br>　　　　　Defendant. | CIVIL ACTION NO. _____<br><br><br><br>NOTICE OF REMOVAL |

**PLEASE TAKE NOTICE** that Sirius XM Radio Inc. ("Sirius XM") hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Atlantic County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Sirius XM states the following:

## FILING AND SERVICE OF THE COMPLAINT

1.　On May 8, 2018, Plaintiff Darlene Vaugh filed a class action complaint against Sirius XM in the Superior Court of New Jersey Law Division, Atlantic County, bearing docket number ATL-L-001005-18 ("Complaint").

2.　Sirius XM, through its counsel, acknowledged service of the Complaint on May 10, 2018.

3.　Sirius XM did not answer the Complaint prior to removal.

4.　Plaintiff seeks to represent a class of "[a]ll persons in New Jersey who purchased a lifetime subscription" of satellite radio services from Sirius XM and whose lifetime subscription Sirius XM allegedly "later failed to honor . . . without encumbrances." Complaint ¶ 19.

Specifically, Plaintiff alleges that Sirius XM sold lifetime subscriptions to her and the putative class members and that, contrary to Sirius XM's alleged representations, each subscription "was subject to a limited number of device transfers" and a $75 dollar-per-transfer fee. Complaint ¶¶ 17-18. She brings claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent misrepresentation, negligent misrepresentation, unjust enrichment, and violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, *et. seq.* ("CFA"). Complaint ¶¶ 34-72. The remedies she seeks include class members' payments made in connection with the lifetime subscriptions, restitution, disgorgement, declaratory and injunctive relief, and attorney's fees. Complaint ¶¶ 41, 49, 62, 71; *see also id.* ("Prayer For Relief").

## **THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

5. Attached as Exhibit A is a copy of the Complaint and Jury Demand. These documents comprise all "process, pleadings, and orders served upon" Sirius XM in this action to date. 28 U.S.C. § 1446(a).

6. Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice is filed within 30 days of acknowledgement of service. *See Di Loreto v. Costigan*, 351 F. App'x 747, 751 (3d Cir. 2009) ("[T]he removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service." (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)).

7. Venue is proper pursuant to 28 U.S.C. § 1441(a), as the Superior Court of New Jersey, Law Division, Atlantic County is located within the District of New Jersey.

8. A copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Superior Court of New Jersey, Law Division, Atlantic County, pursuant to 28 U.S.C. § 1446(d).

## THIS COURT HAS SUBJECT MATTER JURISDICTION

9. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14 ("CAFA")). CAFA grants federal courts original jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A); (2) "the number of members of all proposed plaintiff classes in the aggregate is" not less than 100, *id.* § 1332(d)(5)(B); and (3) "the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs," *id.* § 1332(d)(2). "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

10. As an initial matter, this lawsuit is a proposed "class action" as defined by CAFA because it is a case brought by a representative of a putative class and filed in state court pursuant to a statute or rule authorizing such a class. 28 U.S.C. § 1332(d)(1)(B). Plaintiff brings her claims under New Jersey Court Rule 4:23-1, which authorizes class actions. Complaint ¶ 19.

11. The remaining requirements for CAFA jurisdiction are also met here.

### *Minimal Diversity Exists*

12. The named Plaintiff here is diverse from Sirius XM. Plaintiff alleges that she is a citizen of New Jersey, while Sirius XM is a Delaware corporation with its principal place of business in New York. *Id.* ¶¶ 2, 3. Accordingly, the minimal diversity requirement under CAFA is satisfied. 28 U.S.C. § 1332(d)(2)(A).

### *The Purported Class Consists of More Than 100 Members*

13. Although Sirius XM does not believe that Plaintiff has defined a proper class or

3

that a class can be defined or maintained under the circumstances alleged, Plaintiff's allegations indicate that the proposed class of New Jersey lifetime subscribers includes at least 100 members, as required by 28 U.S.C. § 1332(d)(5)(B). Plaintiff herself alleges that the class consists of "thousands of persons dispersed throughout New Jersey." Complaint ¶ 26. And Sirius XM's business records indicate that, as of February 2017, there are 40,627 active New Jersey lifetime subscribers.[1] The purported class therefore far exceeds 100 members.

### *The Complaint Places in Controversy a Sum Greater than $5 Million*

14.     Although Sirius XM concedes neither liability on Plaintiff's claims nor the propriety of the relief she seeks, the Complaint places in controversy a sum greater than $5 million. *See* 28 U.S.C. § 1332(d)(2). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554. Where, as here, a complaint does not specify an amount sought, "the defendant's amount-in-controversy allegation should be accepted." *Id.* at 553. If the figure is challenged by the plaintiff, the Court may request evidentiary submissions and must decide whether the amount-in-controversy requirement is met by a preponderance of the evidence. *Id.* at 554. Importantly, "the legal sufficiency of the claims and the soundness of the plaintiff's legal theory are not relevant" to the amount-in-controversy analysis. *Faltaous v. Johnson & Johnson*, 2007 WL 3256833, at *6 (D.N.J. Nov. 5, 2007) (brackets omitted).

15.     For her various claims, Plaintiff seeks a panoply of remedies, including amounts paid in connection with the lifetime subscriptions, restitution, disgorgement of profits, declaratory

---

[1] Sirius XM has not burdened the Court with unnecessary evidentiary submissions in support of the factual assertions in this Notice. *See Dart*, 135 S. Ct. at 551 (for removal purposes, "[a] statement 'short and plain' need not contain evidentiary submissions"). Sirius XM will make such submissions at the Court's request or if Plaintiff moves to remand the case to state court.

and injunctive relief, and attorney's fees. Complaint ¶¶ 41, 49, 62, 71; *see also id.* ("Prayer For Relief"). She brings claims under the CFA, which "permits customers to recover a full refund for all offending transactions . . . as well as treble damages for any actual damages, and attorney's fees." *Grace v. T.G.I. Fridays, Inc.*, 2015 WL 4523639, at *8 (D.N.J. July 27, 2015) (citing N.J. Stat. § 56:8–2.11 and N.J. Stat. § 56:8–19). All of these damages are properly included in an amount-in-controversy calculation, *id.*, and so Plaintiff's claimed damages far surpass the $5 million mark.

16.   Refund of the Purchase Price. Plaintiff, on behalf of the class, seeks a refund of the purchase price of the lifetime subscription, Complaint ¶¶ 41, 49, 62, which she claims was "approximately $500," *id.* at ¶ 15. She alleges that her claims are typical of other class members. *Id.* at ¶ 27; *see also Hoffman v. Nutraceutical Corp.*, 2013 WL 885169, at *4 (D.N.J. Jan. 24, 2013) (using the plaintiff's total damages as the benchmark since her damages were "alleged to be typical of the class"). Extrapolating for the 40,627 putative class members, then, any alleged refund damages alone would exceed $20 million. *See* 28 U.S.C.A. § 1332(d)(6) ("[T]he claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000.").

17.   Attorney's Fees. The amount-in-controversy calculation must also include attorney's fees, which the Third Circuit has in the past calculated using a 30% markup from a damages award. *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (adding a 30% attorney's fees award to a CAFA amount-in-controversy calculation in a CFA case). Just focusing on Plaintiff's refund damages theory, any attorney's fees award alone (assuming that plaintiff were to recover under that theory) would equal over $6 million, thrusting the amount-in-controversy above $26 million.

18.     <u>Other Damages</u>.  The above figure does not even include Plaintiff's request for disgorgement or injunctive relief, Complaint ¶ 41; *id.* (Prayer for Relief), which would also factor in to an amount-in-controversy calculation, *see McNair v. Synapse Grp., Inc.*, 2009 WL 3754183, at *2-3 (D.N.J. Nov. 5, 2009)  (considering the value of an injunction in a CAFA amount-in-controversy calculation), though it need not here given that the other alleged damages being sought by Plaintiff are plainly sufficient to meet the jurisdictional amount.[2]

19.     All of the above makes clear that the amount-in-controversy far exceeds the $5 million threshold for CAFA jurisdiction.  Removal is therefore proper.

## RESERVATION OF RIGHTS

20.     In alleging the amount-in-controversy for purposes of removal, Sirius XM does not concede in any way that the allegations in the Complaint are accurate, that Sirius XM committed any of the violations of law or breaches of contract alleged in the Complaint, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.  Nor does Sirius XM concede that Plaintiff's class is properly defined or that class certification is appropriate.  Finally, this Notice of Removal does not waive any and all claims or defenses by Sirius XM, all of which are expressly preserved herein.

21.     Sirius XM also reserves the right to amend or supplement this Notice of Removal.

22.     **WHEREFORE**, Sirius XM respectfully removes this action from the Superior Court of New Jersey, Law Division, Atlantic County, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and requests that this Court retain jurisdiction for all further proceedings.

---

[2] Sirius XM reserves the right to include these damages in any amount-in-controversy calculation if Plaintiff moves to remand.

Dated: June 8, 2018                    Respectfully submitted,

*s/ David M. Blackwell*
David M. Blackwell
DONNELLY MINTER & KELLY LLC
163 Madison Avenue, Suite 320
Morristown, New Jersey 07960
(973) 200-6390
dblackwell@dmklawgroup.com

Thomas Demitrack (*pro hac vice motion forthcoming*)
Calland Ferraro (*pro hac vice motion forthcoming*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586-3939
tdemitrack@jonesday.com
cferraro@jonesday.com

Lee A. Armstrong (*pro hac vice motion forthcoming*)
Allison Waks (*pro hac vice motion forthcoming*)
JONES DAY
250 Vesey Street
New York, NY 10281
(212) 326-3939
laarmstrong@jonesday.com
awaks@jonesday.com

*Attorneys for Defendant Sirius XM Radio Inc.*

## CERTIFICATE PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that to the best of my knowledge, information, and belief, the matter in controversy is not the subject of any other pending court action (other than the state court action that is the subject of removal) or of any pending arbitration or administrative proceeding.

                                                                *s/ David M. Blackwell*
                                                                David M. Blackwell

Dated: June 8, 2018.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of June 2018, the foregoing NOTICE OF REMOVAL was sent to the following attorneys for Plaintiffs via certified mail:

Bradley K. King
10728 Lindbrook Drive
Los Angeles, California 90024
Tel: (310) 474-9111
Fax: (310) 474-8585
Email: bking@ahdootwolfson.com
*Attorney for Plaintiff*

                                       *s/ David M. Blackwell*
                                       David M. Blackwell

Dated:  June 8, 2018